IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLEN KURMANALIEV | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-04752 |
| | : | |
| JAMISON et al., | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 13th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1) and the Government's Letter dated July 10, 2026 (ECF No. 3), **IT IS**

**HEREBY ORDERED** as follows:

1.      The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Kurmanaliev is a 28-year-old citizen of Kyrgyzstan who entered the United States on or about July 15, 2023, and requested asylum at a port of entry. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") ¶¶ 19–20 (ECF No. 1). According to the Petition, the Department of Homeland Security ("DHS") detained Mr. Kurmanaliev upon his arrival to the United States in or around July 15, 2023, processed him, and permitted him to enter the United States while his asylum proceedings progressed. *See id.* Since entering the country, Mr. Kurmanaliev has resided in Philadelphia, Pennsylvania, where he submitted an asylum application, attended his immigration court hearings, obtained employment authorization, and complied with the conditions of his immigration release. *See id.* ¶ 21. Immigration and Customs Enforcement ("ICE") detained Mr. Kurmanaliev, and he is currently being held at the Philadelphia Federal Detention Center. *See id.* ¶ 22. According to the Petition, Mr. Kurmanaliev attended all scheduled immigration hearings and ICE check-ins, and DHS has not alleged that he poses a danger to persons or property or a flight risk. *See id.* ¶ 21.

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Kurmanaliev is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Kurmanaliev's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa.

2.    Mr. Kurmanaliev is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.    The Government shall **RELEASE** Mr. Kurmanaliev from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on July 14, 2026**;

4.    If the Government chooses to pursue re-detention of Mr. Kurmanaliev pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.    The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also mentions in a footnote that it is appealing *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454 (3d Cir.), and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150 (3d Cir.), but those matters remain pending. *See* Letter from Judith Amorosa, Assistant United States Attorney, to Judge John M. Gallagher (July 10, 2026) (ECF No. 3).

Accordingly, Mr. Kurmanaliev's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.